**Dated: February 19, 2016**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

BRYAN N. PARKER,                    Case No: 15-80594-TRC
                                                       Chapter 7

                 Debtor.

DONALD EUGENE PARKER,

                 Plaintiff

v.                                                   Adv. No. 15-8016-TRC

BRYAN N. PARKER,

                 Defendant.

## ORDER OF DISMISSAL

Before the Court is Defendant Bryan N. Parker's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry 14), and Plaintiff's Response and Objection (Docket Entry 17). For good cause shown, Defendant's Motion is granted and this case shall be dismissed without prejudice.

**Relevant Facts and Procedural History**

Plaintiff Donald Eugene Parker filed a Complaint against Defendant/Debtor Bryan N. Parker seeking to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(4) and (6). The Complaint also referenced § 523(a)(2). Defendant filed a Motion to Dismiss on the grounds that Plaintiff's Complaint was not sufficient to meet the pleading standards of *Bell Atlantic Corp. v. Twombly*.[1] The Court granted Plaintiff leave to file an Amended Complaint and he has done so. Defendant renewed his request for dismissal. At oral argument on the Second Motion to Dismiss, Plaintiff's counsel stated that, despite the inclusion of § 523(a)(2) in the Amended Complaint, he did not believe the facts supported a claim under that section and withdrew that cause of action.

The facts upon which Plaintiff relies are that he, Defendant and Michael Shane Clanton were members of Central OK Welding, LLC, an Oklahoma limited liability company. Plaintiff originally acted as manager of Central OK Welding. He alleges that Defendant and Clanton forced him out of the company, refused to grant Plaintiff access to the business, and continued to operate the business without him. Defendant took over as manager. Plaintiff alleges that Clanton and Defendant did not follow good business practices, which resulted in the collapse and eventual bankruptcy of Central OK Welding.[2]

While acting as manager, Plaintiff personally guaranteed debts of Central OK Welding, including an account with Ameripipe Supply, Inc ("Ameripipe"). Apparently, after he left Central OK Welding, the debt to Ameripipe increased and went unpaid. Ameripipe sued and obtained a $ 35,387.66 judgment against Central OK Welding, Plaintiff, Defendant and Michael Clanton in

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] In re Central OK Welding, Inc., Eastern District of Oklahoma, Case No. 14-80748, filed June 30, 2014. Clanton also filed a Chapter 7 individual bankruptcy case in this Court, Case No. 14-81347, on November 9, 2014.

Texas, on June 19, 2014. The judgment was filed in McIntosh County, Oklahoma. On May 4, 2015, Ameripipe garnished Plaintiff's bank account for $ 18,659.24.

**Conclusions of Law**

When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief may be granted. Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is entitled to relief." This pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[3] A court must accept as true all well-pleaded factual allegations of the complaint, even if doubtful, and must construe the allegations in a light most favorable to the claimant.[4] However, a court is not bound to accept as true "a legal conclusion couched as a factual allegation."[5] To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face. Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable. A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct. Such facts must raise a right to relief above the speculative level.[6] Plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,

---

[3] *Twombly*, 550 U.S. at 555. The purpose of *Iqbal* and *Twombly* is to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, and also to inform the defendants of the actual grounds of the claim against them. *In re Expert South Tulsa, L.L.C.*, 522 B.R. 634 (B.A.P. 10th Cir. 2014).

[4] *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[5] *Twombly*, 550 U.S. at 555 (citations omitted).

[6] *McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014).

much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."[7]

**Claim pursuant to 11 U.S.C. § 523(a)(4)**

Section 523(a)(4) prevents an individual debtor from discharging any debt for fraud or defalcation while acting in a fiduciary capacity, or for embezzlement, or larceny. To establish a claim under this section, Plaintiff mush show two things: 1) the existence of a fiduciary relationship between himself and the debtor, and 2) a defalcation committed by the debtor in the course of that fiduciary relationship.[8] The existence of a fiduciary relationship is a threshold issue. The Tenth Circuit narrowly construes the phrase "fiduciary capacity" in 523(a)(4).[9] The requisite fiduciary relationship exists only where there is an express or technical trust, not a constructive trust or one implied by law or contract.[10] In other words, a fiduciary relationship must exist before creation of the debt, and debtor must be entrusted with the money or property on which the debt at issue is based.[11] "Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, ... nor an inequality between the parties' knowledge or bargaining power ... is sufficient to establish a fiduciary relationship for purposes of dischargeability."[12]

The question of whether a fiduciary status exists is one of federal law, but state law is important when determining whether a trust relationship exists. Plaintiff alleges that a fiduciary

---

[7] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).

[8] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1371–72 (10th Cir.1996).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 1372 (citations omitted).

relationship exists via the Oklahoma Limited Liability Company Act.[13] Section 2017(B)(1) states that the articles of organization or operating agreement of an LLC may not limit or eliminate the liability of a manager for "[a]ny breach of the manager's duty of loyalty to the limited liability company or its members . . . ." Plaintiff also relies upon § 2016 which states that a manager of an LLC shall discharge his duties "in good faith" and "in the best interests of the limited liability company. . . ." He does not allege that these statutes created any sort of express or technical trust. Instead, he states that under Oklahoma law Defendant had a fiduciary duty to Central OK Welding and its members, acted "in a fiduciary capacity," and breached his duty of loyalty and of good faith by "[running] the business into the ground deliberately and purposely expend[ing] all assets of the business . . . ."

The Court finds that these allegations are insufficient to state a claim upon which relief can be granted. He has provided no statutory authority nor case law that an express or technical trust exists between members of an LLC under Oklahoma law. He alleges no licensing scheme or similar escrow arrangement that would be the equivalent of an express or technical trust.[14] The only reference the Court can find in his Amended Complaint of property which Plaintiff may somehow believe was held in trust by Defendant is Plaintiff's personal guaranty of Central OK Welding's debts and "assets of the business." The focus of the Amended Complaint is upon Defendant's business judgment in allowing debts to increase after Plaintiff's ouster as manager and his failure to pay business debts and taxes. The fiduciary relationship alleged is a duty of confidence, trust, loyalty and good faith that members of an LLC owe to the company and to the other members, as

---

[13]OKLA. STAT. tit. 18, § 2000 *et seq.*

[14] *See Allen v. Romero (In re Romero),* 535 F.2d 618, 621–22 (10th Cir.1976)(an express or technical trust must be present for a fiduciary relationship to exist. A comprehensive licensing scheme is sufficient to create an express trust.)

referenced in OKLA. STAT. tit. 18, § 2017. However, according to the Tenth Circuit in *Young*, a general fiduciary duty of confidence, trust, loyalty, and good faith is not sufficient to establish a fiduciary relationship for purposes of dischargeability. Therefore Plaintiff's claims are not actionable under § 523(a)(4).[15] The allegations in the Amended Complaint, even when taken as true, cannot state a plausible claim for relief against Defendant.

Nor can the Court find a plausible claim for embezzlement under § 523(a)(4) as alleged by Plaintiff. To state a claim for embezzlement, Plaintiff must allege "the fraudulent appropriation of property by a person to whom such property has been entrusted, . . . and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[16] Plaintiff has made no specific allegations regarding the property that was entrusted to Defendant, has made no allegations involving moral turpitude, nor has he made any allegations of fraudulent intent. Indeed, he withdrew any action for a claim under § 523(a)(2)(A) for obtaining money under false pretenses or actual fraud. He alleges that Defendant did not run Central OK Welding "to the best of his abilities" and believes that evidence exists that shows Defendant confiscated and concealed business assets for his personal use. But he does not provide anything more than these conclusory statements. The Court finds that such allegations are too general and speculative to satisfy the pleading standards of *Twombly*. When viewed as a whole, Plaintiff's allegations make clear that he does not believe Defendant exercised good business judgment, which resulted in the downfall of the business. But, he has not pleaded facts adequate to draw a reasonable inference that Defendant

---

[15] *Young*, 91 F.3d at 1371-72; *In re Duncan*, 2011 WL 6749054 *17-19 (Bankr. N.D. Okla., Dec. 22, 2011)(citations omitted)(any trust that may be said to arise under the Oklahoma limited liability statute is a trust *ex malefico* and excluded form the scope of § 523(a)(4). Even if a trust can be said to exist, an individual member of an LLC lacks standing to assert a claim as a beneficiary of that trust under § 523(a)(4).)

[16] *Marks v. Hentges (In re Hentges)*, 373 B.R. 709, 723 (Bankr. N.D. Okla. 2007), citing *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988).

fraudulently misappropriated company property that had been entrusted to him. The facts alleged are general, and are conclusory statements. They do not raise a right to relief above the speculative level.[17] Therefore, the Court finds that Plaintiff's claim under § 523(a)(4) should be dismissed without prejudice.

**Claim under § 523(a)(6)**

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Plaintiff must allege facts sufficient to support a claim that Defendant willfully and maliciously caused injury to Plaintiff. In other words, he must allege both a willful act and a malicious injury.[18] Defendant must have acted with a deliberate intent to inflict injury on Plaintiff or believe that the injuries were substantially certain to occur from his actions.[19] And, Defendant must have acted with malice by intending without justification to commit a wrongful act that he knew or anticipated would injure Plaintiff.[20] There must be some allegation that there is evidence of either a specific intent to harm a creditor or the creditor's property or of debtor's knowledge of the creditor's rights and that debtor's conduct will cause the particular injury.[21] There are no specific allegations of intentional theft or conversion or of an investment or Ponzi scheme designed to target Plaintiff.[22] The only allegations are general

---

[17]*McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014).

[18]*Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004).

[19]*Id.*

[20]*Hernandez v. Musgrave (In re Musgrave)*, 2011 WL 312883, at *9-11 (B.A.P. 10th Cir. Feb. 2, 2011).

[21]*Id.*

[22]*See In re Hampton*, 407 B.R. 443 (Table), 2009 WL 612491, at *5 (B.A.P. 10th Cir. March 11, 2009)(citations omitted).

statements of conversion and embezzlement, and that Plaintiff believes evidence exists that Defendant used corporate assets to his own benefit in detriment to the LLC and to Plaintiff. Plaintiff also alleges that Defendant failed to pay Central OK Welding's debt to Ameripipe "with the sole purpose of attempting to discharge the debt in bankruptcy. . . ."

Unless Plaintiff alleges that the debt is the result of Defendant's willful and malicious act intended to do injury to Plaintiff, he has not stated a claim under § 523(a)(6). Plaintiff's allegations are that Defendant's actions "were willful and malicious and intended to cause injury to the detriment of the Plaintiff and his property interest in the LLC." This is a legal conclusion couched as a factual allegation , which the Court is not bound to accept as true when reviewing a complaint under Rule 12(b)(6).[23]

The injury Plaintiff alleges he suffered is the judgment against him, Central OK Welding and the other members, and the loss of his personal funds due to garnishment. He does not allege any facts supporting a cause of action under this section that suggest Defendant's actions were taken deliberately and intentionally to injure Plaintiff, and that he had actual knowledge that his conduct would cause injury to Plaintiff. Instead, Plaintiff's allegations are that Defendant used poor business judgment which led to Plaintiff's injury. His allegations are vague and conclusory. Although he alleges injury from embezzlement and conversion, he has not pleaded the elements of those actions.[24] He has not identified the property that was converted, the possessory right that he as Plaintiff had over the property that was converted, the basis for his claim that Defendant was not authorized to have control of the property, nor what happened to the property other than a conclusory statement

---

[23]*Twombly*, 550 U.S. at 555 (citations omitted).

[24]*See Welty v. Martinaire of Oklahoma, Inc.*, 1994 OK 10, ¶6, 867 P.2d 1273, 1274 (Conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels of another.")

that it was converted to Defendant's own use. While Plaintiff's claim may be conceivable, when coupled with other allegations in the Amended Complaint that state Defendant did not exercise good business judgment, the Court finds that a claim under § 523(a)(6) is not plausible. The facts pleaded do not allow the court to draw a reasonable inference that Defendant is liable for willful and malicious conduct designed to injure Plaintiff.

**Order of the Court**

    IT IS THEREFORE ORDERED that Defendant Bryan N. Parker's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry 14) is **granted.**

    IT IS FURTHER ORDERED that this case is **dismissed without prejudice.**

###